UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EARL GADSDEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN GEHRIS and MICHAEL MCGRATH<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-02258-WQH (DEB)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT GEHRIS'S MOTION TO DISMISS**<br><br>**[DKT. NO. 4]** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(e) and 72.3(e).

**I.　INTRODUCTION**

Before the Court is Defendant John Gehris's Motion to Dismiss. Dkt. No. 4-1. The Motion contends Plaintiff's Complaint fails to state a First Amendment retaliation claim against Gehris. *Id.* at 2. Plaintiff opposes the Motion (Dkt. No. 11), and Gehris replied (Dkt. No. 18). For the following reasons, the Court recommends **GRANTING** Gehris's Motion to Dismiss.

///

## II. PROCEDURAL BACKGROUND

### A. Plaintiff's March 2020 Complaint Against Gehris

This is Plaintiff's second case against Gehris. On March 12, 2020, Plaintiff filed his first case against Gehris and three other defendants (the County of San Diego, Deputy McGrath, and Sergeant Odell) under 42 U.S.C. § 1983 alleging violation of Plaintiff's Eighth and Fourteenth Amendment rights. *See Gadsen v. County of San Diego, et al.*, Case No. 20-cv-0470-WQH (DEB) (S.D. Cal.) (the "March 2020 Case"), Dkt. No. 1. Plaintiff later argued the allegations in his Complaint (the "March 2020 Complaint") also constituted a violation of his First Amendment rights. Dkt. No. 11 (March 2020 Case) at 6–7.

The allegations arose out of an incident between Plaintiff and Deputy McGrath on February 15, 2019. Dkt. No. 1 (March 2020 Case) at 3. Plaintiff claims McGrath denied Plaintiff a video visit with his girlfriend. *Id.* Plaintiff further alleges McGrath sent Plaintiff to the "hol[e]" when Plaintiff requested an Internal Affairs form to complain about McGrath. *Id.* at 3.

Specific to Gehris, the March 2020 Complaint alleged Gehris falsified a disciplinary hearing in which Plaintiff was neither present nor informed of the charges. *Id.* at 4. The Complaint also alleges Gehris denied Plaintiff showers and placed him in a cell with a suicidal, ex-military inmate. *Id.* at 4–5.

The Court dismissed Plaintiff's Eight Amendment claim and Defendants County of San Diego and Sergeant Odell on screening. Dkt. No. 3 (March 2020 Case) at 8–12.

On July 16, 2020, Defendants McGrath and Gehris filed a Motion to Dismiss Plaintiff's March 2020 Complaint. Dkt. No. 8-1 (March 2020 Case). The Court granted both Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim, granted Defendant Gehris's Motion to Dismiss the First Amendment retaliation claim, and denied Defendant McGrath's Motion to Dismiss the First Amendment retaliation claim. Dkt. No. 15 (March 2020 Case) at 10–16. Regarding the First Amendment retaliation claim against Gehris, the Court ruled "there are no allegations in the Complaint that when [Gehris]

allegedly falsified a disciplinary hearing he was aware the charges against Plaintiff were false and a pretext for retaliation against him for asking Defendant McGrath for a complaint form," and the facts alleged "are insufficient to allege Defendant Gehris directly participated in the allegedly retaliatory conduct." *Id.* at 11–12. The Court gave Plaintiff thirty days to file an amended complaint. *Id.* at 16.

### B. Plaintiff's New Complaint

Plaintiff did not amend his March 2020 Complaint. Instead, on November 19, 2020, he filed a new complaint (the "New Complaint") in this case. Dkt. No. 1.[1] Plaintiff's New Complaint alleges a First Amendment retaliation claim against Gehris and McGrath and realleges the same operative facts as his March 2020 Complaint. *Id.* Regarding Gheris, the New Complaint contains the following additional allegations: (1) official policy requires approval of all disciplinary segregation actions by a disciplinary review officer; (2) "Plaintiff is informed and on that basis alleges that GEHRIS was the disciplinary review officer;" and (3) "GEHRIS was aware that there was no legitimate basis for holding [Plaintiff] in the hole." *Id.* at 8–9; *see also* Dkt. No. 11 at 5 (Plaintiff's Opposition to Gehris's Motion to Dismiss identifying these as the new allegations against Defendant Gehris). From these additional facts and the other circumstances realleged from the March 2020 Complaint (i.e., Plaintiff was housed in the Segregated Housing Unit ("SHU") with a suicidal inmate, with no notice of why he was placed there or when he would be released, and no access to showers or clean clothing (Dkt. No. 1 at 6–8)), Plaintiff's New Complaint alleges the existence of an "inference that GEHRIS intentionally collaborated with MCGRATH to retaliate against GADSDEN because of his request for an internal affairs complaint form." *Id.* at 8.

///

///

---

[1] The Court dismissed the March 2020 Complaint when Plaintiff filed a voluntary dismissal on November 13, 2020. Dkt. No. 19 (March 2020 Case).

### C. Gehris's Motion to Dismiss

On February 19, 2021, Gehris filed this Motion to Dismiss. Dkt. No. 4.[2] The Motion argues the Court should dismiss Plaintiff's New Complaint for many of the same reasons it dismissed the March 2020 Complaint. Specifically, Gehris argues Plaintiff failed to plead that Gehris took adverse action against Plaintiff, or that Gehris knew of Plaintiff's request for an Internal Affairs form and acted with retaliatory intent. *Id.* at 4–7. In addition, Gehris contends the New Complaint does not sufficiently allege the absence of legitimate correctional goals or "that any action taken by Gehris chilled Plaintiff's exercise of his First Amendment rights." *Id.* at 7–8.

Plaintiff's Opposition asserts that, with the additional facts identified above, Plaintiff's New Complaint adequately pleads a First Amendment retaliation claim against Gehris. Dkt. No. 11 at 5–6.

Having reviewed the allegations in the New Complaint, the parties' briefs, and the Court's Order dismissing Plaintiff's March 2020 Complaint against Gehris, the Court finds Plaintiff's New Complaint does not state a plausible First Amendment retaliation claim against Gehris and, therefore, recommends **GRANTING** Gehris's Motion to Dismiss.

### III. LEGAL STANDARDS

### A. Motions to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Wilson v.*

---

[2] On April 14, 2021, Defendant McGrath answered the New Complaint. Dkt. No. 19.

*Wal-Mart Stores, Inc.*, No. 05-cv-1216-BEN (BLM), 2005 WL 3477841, at *1 (S.D. Cal. Oct. 5, 2005) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)). The Court must "construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). For facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept well-pleaded factual allegations as true when considering the motion, but it need not accept legal conclusions cast as factual allegations or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

### B. First Amendment Retaliation Claims

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d ll08, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "The adverse action need not be an independent constitutional violation." *Watison*, 668 F.3d at 1114 (citing *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)); *see also Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment

rights.""). To establish retaliatory motive, the Complaint must plead a causal connection between the adverse action and protected conduct. *Watison*, 668 F.3d at 1114–15; *see also Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (affirming the district court's dismissal of a plaintiff's complaint where vague and conclusory claims of retaliatory conduct by prison officials . . . lacked factual support demonstrating a causal link between the civil actions . . . [the plaintiff] filed and the denial of [the plaintiff's request] of a transfer . . . .").

## IV. ANALYSIS

In the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's March 2020 Complaint, the Court ruled Plaintiff pleaded facts that satisfied the protected conduct, adverse action, chill, and lack of a legitimate correctional goal elements of a First Amendment retaliation claim. Dkt. No. 15 (March 2020 Case) at 9–10. Because Plaintiff's New Complaint realleges facts the Court previously found sufficient to satisfy those elements, the Court evaluates only whether Plaintiff's New Complaint pleads additional facts that remedy the deficiencies the Court found in Plaintiff's March 2020 Complaint (i.e., "There are no factual allegations in the Complaint which plausibly allege Defendant Gehris knew the charges were false and retaliatory, and the allegations in the Complaint are nonexistent with respect to whether Defendant Gehris acted with a retaliatory motive when he allegedly 'falsified' the disciplinary hearing."). *Id.* at 12.

In his Opposition to Gehris's Motion to Dismiss, Plaintiff argues the following additional allegations in the New Complaint adequately plead that Gehris knew about Plaintiff's protected conduct and retaliated against Plaintiff for engaging in that conduct:

> Defendant Gehris was the disciplinary review officer, was in charge of the hole, was aware that there was no legitimate basis for holding Gadsden in the hole, and knew that none of the normal procedures around a transfer to disciplinary segregation had been followed, but nevertheless approved confining Gadsden in that hole and continued to keep him there. A reasonable inference from the fact that Gehris personally approved confining Gadsden in the hole despite the failure to follow normal procedures around the use of

>disciplinary segregation and the lack of any legitimate basis for holding him there, plaintiff alleged, was that Defendant Gehris 'intentionally collaborated with MCGRATH' to punish Gadsden for requesting the internal affairs form.

Dkt. No. 11 at 3.

Consistent with this summary, Plaintiff's New Complaint alleges Gehris was "in charge of the operation of 'the hole' and supervised" the staff working there. Dkt. No. 1 at 5. Plaintiff alleges he "repeatedly asked deputies why he was being kept there and when he would be released." *Id.* The deputies either ignored Plaintiff or replied "that Sergeant GEHRIS was aware of it." *Id.* Plaintiff claims he also spoke to Gehris directly and asked why he was being held and "GEHRIS replied 'I'll look into it,' but never provided any actual information to GADSDEN." *Id.* at 5–6. Plaintiff alleges Gehris was the disciplinary review officer and "GEHRIS was aware that there was no legitimate basis for holding GADSDEN in the hole." *Id.* at 8–9. Plaintiff alleges the "unusual [and improper] circumstances" of his confinement exacerbated his discomfort and fear and, therefore, "support the inference that GEHRIS disregarded GBDF's own policies and intentionally collaborated with MCGRATH to punish GADSDEN for requesting an internal affairs complaint." *Id.* at 9.

The Court finds these additional allegations do not plausibly allege Gehris took an adverse action against Plaintiff in retaliation for Plaintiff's engagement in protected activity (i.e., that Gehris knew Plaintiff intended to file an Internal Affairs complaint against McGrath and retaliated against Plaintiff by approving his transfer to the SHU without a legitimate basis). Plaintiff's allegations that Gehris was in charge of the SHU and supervised the SHU staff are insufficient bases for personal liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government official-defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's allegation that he questioned Gehris about the reasons for his placement in the SHU and Gehris responded "I'll look into it" also does not plausibly suggest Gehris knew about Plaintiff's intent to file an Internal

Affairs complaint against McGrath and conspired with McGrath to retaliate against Plaintiff for engaging in that conduct. *See Dixon v. O'Connor*, 542 F. App'x 561, 562 (9th Cir. 2013) (affirming dismissal where plaintiff's claims against the supervisory defendants "failed to allege facts demonstrating their personal involvement in the alleged violations or a causal connection between their conduct and the alleged violations."); *Hammler v. Alvarez*, No. 18-cv-326-AJB (WVG), 2019 WL 422575, at *9 (S.D. Cal. Feb. 4, 2019) (recommending dismissal in part for failure to allege the defendant "ever knew that [the] [p]laintiff filed a grievance against him."), *report and recommendation adopted*, 2019 WL 3315567 (July 24, 2019).

Plaintiff's allegation that Gehris approved Plaintiff's transfer to the SHU knowing there was no legitimate basis for doing so and without following normal procedures are conclusory and undermined by the Incident Report attached to Plaintiff's March 2020 Complaint.[3] The Incident Report states: (1) on February 18, 2019, McGrath transferred Plaintiff to "Disciplinary Isolation" because he was "Disrespect[ful] to Staff"; engaged in "Boisterous Activity"; and "Interfere[d] with Jail Operations"; and (2) on February 19, 2019, Odell approved the transfer. *Id.* This Incident Report, which Plaintiff attached to his March 2020 Complaint (Dkt. No. 1 (March 2020 Complaint)), Ex. A at 9–11)) and

---

[3] The Court GRANTS Gehris's Request for Judicial Notice of the Incident Report (Dkt. No. 4-2 at 1–2), which is attached as Exhibit A to Plaintiff's March 2020 Complaint. *See Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) (taking judicial notice of briefs filed in related litigation); *Corder v. Gates*, 104 F.3d 247, 248 n.1 (9th Cir. 1996) (taking judicial notice of briefs in records filed as part of two prior appeals). The Court also considers the Incident Report on this Motion to Dismiss because Plaintiff has incorporated it by reference in his New Complaint (Dkt. No. 1 at 6–8). *See No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) (considering documents referenced in the plaintiff's complaint in deciding whether the defendant's motion to dismiss was properly granted); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts may consider documents incorporated by reference into a plaintiff's complaint when ruling on motions to dismiss).

incorporates by reference in his New Complaint (Dkt. No. 1 at 6–8) sets forth a facially legitimate basis for Plaintiff's transfer to the SHU upon which a reviewing supervisor could reasonably rely. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) ("[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker."). The Incident Report (which lists Odell as the supervisor approving the transfer) also contradicts Plaintiff's conclusory "information and belief" allegation that "GEHRIS was the disciplinary review officer" who approved Plaintiff's "disciplinary separation action[]," and, "[t]hus, GEHRIS was aware that there was no legitimate basis for holding [Plaintiff] in the hole." *Id.* at 8. The Incident Report, therefore, provides additional reasons for the Court to find Plaintiff's allegations against Gehris are insufficient to plead a plausible First Amendment retaliation claim. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

In sum, the Court has reviewed all facts alleged in Plaintiff's New Complaint and concludes they do not plausibly allege Gehris's personal participation in a scheme to retaliate against Plaintiff for seeking an Internal Affairs complaint against McGrath. The Court, therefore, recommends GRANTING Gehris's Motion to Dismiss. Because the Court cannot foreclose the possibility that Plaintiff can allege additional facts curing the deficiency in his New Complaint, the Court recommends GRANTING Plaintiff leave to amend within thirty (30) days from the date this Order is adopted or becomes final.

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Defendant Gehris's Motion to Dismiss, with leave to amend.

///

///

**IT IS ORDERED** that on or before **August 17, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **August 23, 2021**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  August 3, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge