UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EARL GADSDEN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN GEHRIS, Deputy Sheriff; and MICHAEL MCGRATH, Deputy Sheriff,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-02258-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 30) filed by Defendant John Gehris.

**I.　PROCEDURAL BACKGROUND**

　　On November 19, 2020, Plaintiff Ronald Earl Gadsden filed a civil rights Complaint under 42 U.S.C. § 1983, alleging that Defendants Gehris and Michael McGrath violated Plaintiff's First Amendment rights by retaliating against him for requesting an Internal Affairs complaint form. (ECF No. 1).

　　On February 19, 2021, Defendant Gehris filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 4). On August 3, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendant Gehris' motion to dismiss. (ECF No. 23). On September 2, 2021, the Court

issued an Order adopting the R&R and dismissing the claim against Defendant Gehris without prejudice. (ECF No. 26).

On October 14, 2021, Plaintiff filed a First Amended Complaint ("FAC"), bringing the same cause of action against both Defendants. (ECF No. 29). On October 28, 2021, Defendant Gehris filed a second Motion to Dismiss Plaintiff's FAC for failure to state a claim.[1] (ECF No. 30). On November 9, 2021, Plaintiff filed a Response in opposition to the motion. (ECF No. 33). On December 6, 2021, Defendant Gehris filed a Reply. (ECF No. 37).

## II. ALLEGATIONS IN THE FAC

Plaintiff was an inmate of the George Bailey Detention Facility ("GBDF"), located in San Diego. Defendants were San Diego County Deputy Sheriffs who worked at GBDF. On February 4, 2019, Plaintiff "handed a piece of legal mail to Defendant [McGrath] for [Defendant McGrath] to sign and transmit to its intended recipient . . . ." (ECF No. 29 ¶ 13). The legal mail contained an Internal Affairs complaint form alleging that another officer "had racially profiled [Plaintiff] in an incident" that led to Plaintiff's arrest. (*Id.* ¶ 14). Defendant McGrath opened, signed, and sealed the mail. "The complaint was delivered to Internal Affairs at 8:22 a.m. on February 15, 2019 . . . ." (*Id.* ¶ 16).

Defendant McGrath subsequently told Plaintiff that a scheduled video visit had been cancelled and declined to provide Plaintiff with an additional Internal Affairs complaint form. "In the hours after this exchange, [Plaintiff's] cell was locked down" and inmates were instructed to "get the fuck away from [Plaintiff's] cell." (*Id.* ¶¶ 27-28). After Plaintiff told Defendant McGrath that he still wanted a complaint form, Plaintiff "was immediately taken to disciplinary segregation, or 'the hole.'" (*Id.* ¶ 30).

---

[1] Defendant McGrath filed an Answer to the FAC. (*See* ECF No. 31).

2

On February 15, 2019, Defendant McGrath entered an Incident Report concerning his exchange with Plaintiff.[2] (*See* ECF No. 30-2 at 5-6). The Incident Report states that Plaintiff was in violation of rules and regulations regarding "Disrespect to Staff," "Boisterous Activity," and "Interfere[nce] with jail operations" when he repeatedly "demanded [his] cell door be opened," shouted "let me out now," and subsequently shouted over the intercom "Fuck this, I need an IA form." (*Id.* at 5). The Incident Report indicates that it was updated and approved by "SODELLSH, ODELL." (*Id.*).

Defendant Gehris served as the "Disciplinary Review Officer" who was "in charge of the operation of 'the hole.'" (ECF No. 29 ¶ 34). "In his role as Disciplinary Review Officer, [Defendant Gehris] personally approved confining [Plaintiff] in disciplinary segregation." (*Id.* ¶ 38). "Because of his role overseeing the operation of 'the hole,'" Defendant Gehris was aware of San Diego Sheriff Department policies that permit disciplinary segregation only for "major sanctions and/or multiple cumulative offenses"; where "less stringent methods have failed to correct behavior or . . . other methods would be ineffective or inappropriate"; and after the disciplinary action has been approved "by the Disciplinary Review Officer." (*Id.* ¶¶ 35-37).

Defendant Gehris "came to be aware of the improper basis for [Plaintiff's] transfer [to disciplinary segregation]" for four reasons. (*Id.* ¶ 40). First, Defendant Gehris "was made aware of" the Incident Report "that made clear that [Plaintiff] had not engaged in *any* serious misbehavior of the sort that would justify the use of disciplinary segregation, according to the [Sheriff Department policies]," because [Defendant Gehris] "was the Disciplinary Review Officer and thus had the responsibility for approving [Plaintiff's]

---

[2] Defendant Gehris requests that the Court take judicial notice of the records in the related case of *Gadsden v. County of San Diego*, 3:20-cv-00470-WQH-DEB, specifically the Incident Report attached to the complaint in that case. Judicial notice of the Incident Report is granted. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . ."); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

confinement [ ] in disciplinary segregation." (*Id.* ¶¶ 41-42). Second, when deputies were asked by Plaintiff about the reasons for and length of his confinement, "[t]he deputies simply ignored these questions, or would reply that they would deal with the issue on their 'next walk' and that 'Sergeant [Gehris] is aware of it.'" (*Id.* ¶ 43). Third, Defendant Gehris told Plaintiff that he would "look into it" upon being asked by Plaintiff why Plaintiff was being held "in the hole" and when he would be released. (*Id.* ¶ 44). Fourth, an officer explained to Plaintiff "that [Plaintiff] was being held in the hole because he had filed an Internal Affairs complaint form." (*Id.* ¶ 45).

"Although [Defendant Gehris] became aware that [Plaintiff] was being detained in disciplinary segregation without legitimate justification and in retaliation for requesting an Internal Affairs form, [Defendant Gehris] did nothing to remedy the situation"—he instead "cooperated in the retaliation" by "keeping [Plaintiff] improperly confined . . . ." (*Id.* ¶ 46). In segregation, Plaintiff was housed in an "utterly filthy" cell with a "suicidal" inmate, and "denied clean clothing, denied the ability to shower, and denied any contact with the outside world." (*Id.* ¶¶ 47-49). Plaintiff was released after six days "without explanation" and given an "Incident Report" that described Plaintiff's various rights, "none of which" Plaintiff was actually afforded. (*Id.* ¶¶ 51, 53).

Plaintiff brings a single claim against Defendants for First Amendment retaliation under 42 U.S.C. § 1983, alleging that Defendants took adverse action against Plaintiff with no "legitimate correctional goal" by transferring and keeping Plaintiff in "the hole" because of Plaintiff's request for an Internal Affairs form. Plaintiff alleges that such action "chilled" Plaintiff's exercise of his "First Amendment rights to file grievances against jail officials by conveying the unambiguous message that any attempt to use the Internal Affairs complaint system against [Defendant McGrath] would be met with considerable retaliation." (*Id.* ¶¶ 55, 67, 69). Plaintiff seeks damages, fees, and costs.

### III.  CONTENTIONS

Defendant Gehris contends that the Plaintiff fails to demonstrate a causal connection between Plaintiff's protected conduct and the alleged adverse action against Plaintiff

because the FAC does not allege facts to show "that [Defendant] Gehris knew of Plaintiff's request for an [Internal Affairs] complaint form or that the alleged request had anything to do with Plaintiff's transfer to 'the hole.'" (ECF No. 30-1 at 5). Defendant Gehris further contends that the FAC fails to allege sufficient facts to demonstrate that Defendant Gehris took an adverse action against Plaintiff, that there was an absence of legitimate correctional goals, or that Defendant Gehris' actions chilled Plaintiff's exercise of his First Amendment rights.

Plaintiff contends that causation is supported by the allegations in the FAC, including allegations that Defendant Gehris was the disciplinary review officer that approved the use of disciplinary segregation and that the Incident Report facially "states no legitimate basis for imposing the . . . form of discipline that is at issue here." (ECF No. 33 at 4). Plaintiff further contends that the elements of the absence of a legitimate correctional goal and chilling of Plaintiff's speech are adequately pleaded in the FAC.

## IV.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## V. DISCUSSION

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

In its previous Order granting Defendant Gehris' motion to dismiss the Complaint, the Court held that Plaintiff failed to establish the second element of his First Amendment retaliation claim. To establish the second element, the FAC must allege "a causal connection between the adverse action and the protected conduct." *Watison*, 668 F.3d at 1114. "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Id.* However, "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

The FAC alleges that Defendant Gehris "cooperated in the retaliation" by "keeping [Plaintiff] improperly confined" despite Defendant Gehris knowing that Plaintiff was being

detained in disciplinary segregation in retaliation for requesting an Internal Affairs complaint form. (ECF No. 29 ¶ 46). The FAC alleges that Defendant Gehris "came to be aware of the improper basis for [the] transfer [to disciplinary segregation]" for the four reasons described in Section II of this Order. (*Id.* ¶ 40; *see id.* ¶¶ 41-45).

In its previous Order granting Defendant Gehris' motion to dismiss the Complaint, the Court considered several of these allegations and found them lacking. (*See, e.g.,* ECF No. 23 at 7-8 ("Plaintiff's allegation that he questioned Gehris about the reasons for his placement in the SHU and Gehris responded 'I'll look into it' also does not plausibly suggest Gehris knew about Plaintiff's intent to file an Internal Affairs complaint against McGrath and conspired with McGrath to retaliate against Plaintiff for engaging in that conduct.")). The supplemented allegations contained in the FAC support an inference that Defendant Gehris was aware of the stated bases for Plaintiff's confinement contained in the Incident Report—that Plaintiff was in violation of rules and regulations regarding "Disrespect to Staff," "Boisterous Activity," and "Interfere[nce] with jail operations." (ECF No. 30-2 at 5). Plaintiff alleges that Defendant Gehris did not rely on the bases for discipline contained in the Incident Report and was instead aware of the retaliatory motive and cooperated in the retaliation because "the narrative of the [Incident Report] made clear that [Plaintiff] had not actually engaged in *any* serious misbehavior of the sort that would justify the use of disciplinary segregation" under the Sheriff Department policies. (ECF No. 29 ¶ 41). However, this assertion is contradicted by the allegation that the Sheriff Department policies also permit disciplinary segregation for "multiple cumulative offenses" where "less stringent methods have failed to correct behavior or . . . other methods would be ineffective or inappropriate." (*Id.* ¶¶ 35-36). The FAC does not allege sufficient facts to support a plausible inference that the bases for confinement described in the Incident Report by themselves put Defendant Gehris on notice of a retaliatory motive or support an inference that Defendant Gehris actively participated in the retaliation. Defendant Gehris' Motion to Dismiss Plaintiff's First Amended Complaint is granted

because Plaintiff fails to adequately allege the causation element of his claim against Defendant Gehris.[3]

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 30) filed by Defendant John Gehris is granted. Plaintiff Ronald Earl Gadsden's claim against Defendant Gehris is dismissed without prejudice.

Dated:  April 19, 2022

Hon. William Q. Hayes
United States District Court

---

[3] Having concluded that Plaintiff does not adequately plead causation, the Court declines to address the other elements of Plaintiff's First Amendment retaliation claim against Defendant Gehris.