UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EARL GADSDEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN GEHRIS, Deputy Sheriff; and MICHAEL MCGRATH, Deputy Sheriff,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02258-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

　　On November 19, 2020, Plaintiff Ronald Earl Gadsden filed a civil rights Complaint under 42 U.S.C. § 1983, alleging that Defendants John Gehris and Michael McGrath violated Plaintiff's First Amendment rights by retaliating against him for requesting an Internal Affairs complaint form. (ECF No. 1).

　　On October 14, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 29). On October 28, 2021, Defendant McGrath filed an Answer to the FAC that included 37 affirmative defenses. (ECF No. 31).[1]

---

[1] The Court dismissed the claim against Defendant Gehris on April 19, 2022. (*See* ECF No. 41).

On June 17, 2022, the Magistrate Judge issued a Scheduling Order that required any motion to amend the pleadings to be filed by July 18, 2022. (ECF No. 45). On July 18, 2022, Defendant McGrath filed a Motion for Leave to File First Amended Answer to FAC. (ECF No. 46). The docket reflects that no opposition to the motion has been filed.

Defendant McGrath seeks to amend his Answer to add an affirmative defense of failure to exhaust administrative remedies. Defendant McGrath contends that the motion should be granted because "the claim is critical to [Defendant McGrath's] case" and "there is no prejudice, undue delay or bad faith." (ECF No. 46-1 at 3).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendant McGrath has not previously sought to amend his Answer. The docket reflects that Plaintiff has not filed an opposition to the Motion for Leave to File First Amended Answer to FAC and there is no evidence in the record that allowing amendment will prejudice Plaintiff or that any of the remaining *Foman* factors apply. The Court finds

good cause to grant Defendant McGrath's Motion for Leave to File First Amended Answer to FAC.

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Answer to FAC (ECF No. 46) is granted. Defendant shall file an amended answer within ten (10) days of the date of this Order.

Dated: September 1, 2022

Hon. William Q. Hayes
United States District Court